LAURA S. WILKINSON, Exrx., Appellee, *vs.* THE ÆTNA LIFE INSURANCE COMPANY, Appellant.

*Opinion filed April 23, 1909—Rehearing denied June 3, 1909.*

1. INSURANCE—*plaintiff must show that fatal injuries resulted from accident.* In an action on an accident policy, where it is admitted the insured died as the result of injuries effected by violent and external means, the plaintiff has the burden of showing that the injuries were accidental and not self-inflicted; but such fact may be established by circumstantial evidence, in connection with the rebuttable presumption that the injuries were not self-inflicted.

2. SAME—*when question whether injuries were accidental is for the jury.* The rebuttable presumption of law that all men are sane and have a natural desire to avoid personal injuries or death may, when taken with an admission that the injuries causing the death of the insured were caused by external means and when not rebutted by proof or the circumstances in evidence surrounding the death, be sufficient to require the court to submit to the jury the question whether or not the injuries were accidental.

3. SAME—*an accident policy construed as covering injuries received from burning of contents of building.* An accident policy providing for double indemnity if the insured receives fatal injuries "in consequence of the burning of a building in which the insured shall be at the commencement of the fire," covers a case where the fatal injuries were received by the insured from a fire in the contents of the building in which he was when the fire began, as well as from the burning of the building itself.

4. SAME—*when it is presumed that an injury was accidental.* Where the evidence shows that the insured has suffered an injury which has caused his death, and there is no proof in the record from which it can be determined whether the injury was accidental or self-inflicted, the presumption is that the injury was accidental.

5. SAME—*proof of habits and temperament of insured is competent.* In an action on an accident insurance policy, proof of the habits and temperament of the insured is competent upon the ques-

tion whether the injuries received by him were accidental or intentionally self-inflicted; and if defendant files a plea presenting the defense of suicide, it is not error to permit proof of such habits and temperament as evidence in chief.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding.

FLANNERY & McKINLEY, for appellant:

The party holding the affirmative of an issue must prove it by a preponderance of the evidence. To entitle the plaintiff to recover in this case it was necessary that it be alleged and proved that the injuries resulting in the death of the insured were effected through accidental means. *Hinman* v. *Pope,* 1 Gilm. 131; *Wilbur* v. *Wilbur,* 129 Ill. 392; *Casualty Co.* v. *Weise,* 182 id. 496; *Laessig* v. *Protective Ass.* 169 Mo. 272; *Insurance Co.* v. *McConkey,* 127 U. S. 661; *Whitlatch* v. *Casualty Co.* 149 N. Y. 45; *Feder* v. *Traveling Men's Ass.* 107 Iowa, 538; *Carnes* v. *Traveling Men's Ass.* 106 id. 281.

There is no presumption of law, in a suit on a policy of accident insurance, that injuries ·effected through external and violent means are effected through accidental means. *Casualty Co.* v. *Weise,* 182 Ill. 496; *Laessig* v. *Protective Ass.* 169 Mo. 272; *Insurance Co.* v. *McConkey,* 127 U. S. 661; *Whitlatch* v. *Casualty Co.* 149 N. Y. 45; *Carnes* v. *Traveling Men's Ass.* 106 Iowa, 281.

Neither the fact that defendant pleaded that the injuries were self-inflicted, nor the presumption of law against self-inflicted injuries, relieved plaintiff from the burden of proving they were effected through accidental means. *Laessig* v. *Protective Ass.* 169 Mo. 272; *Casualty Co.* v. *Weise,* 182 Ill. 496; *Insurance Co.* v. *McConkey,* 127 U. S. 661; *Whitlatch* v. *Casualty Co,* 149 N. Y. 45; *United States* v. *Ross,* 92 U. S. 281.

One presumption or inference cannot be based upon another presumption or inference, but must be founded upon a fact or facts actually proven by direct evidence. *Insurance Co.* v. *Gerisch,* 163 Ill. 625; *Condon* v. *Schoenfeld,* 214 id. 226; *Kevern* v. *People,* 224 id. 170; *United States* v. *Ross,* 92 U. S. 281; *Manning case,* 100 id. 693.

In the absence of evidence to the contrary, a person is presumed by the law to be in the possession and full enjoyment of the normal faculties of mind and body. This includes the senses of sight, smelling, hearing and feeling. The insured, while in the loft of the barn, is presumed by the law to have been in possession of these senses. *Green* v. *Railroad Co.* 122 Cal. 563.

When a person is in his right mind, capable of controlling his actions and directing his course, the law presumes his acts voluntary. *Follis* v. *Accident Ass.* 94 Iowa, 435.

There was no evidence in this case to overcome the presumption of law that the insured was conscious from the time he last was seen going towards the barn until he was found by the firemen, an hour and a half later, and that the acts, if any, of the insured while in the loft of the barn were voluntary.

Where a presumption of law is disregarded by a jury a new trial should be granted *ex debito justitiæ. Insurance Co.* v. *Insurance Co.* 107 U. S. 485.

The plaintiff having failed to establish, by a preponderance of the evidence, that the injuries resulting in the death of the insured were effected through accidental means, the negative is presumed. *Bank* v. *Baldenwick,* 45 Ill. 375; *Watt* v. *Kirby,* 15 id. 200; *Schroeder* v. *Walsh,* 120 id. 403; *Bonnell* v. *Wilder,* 67 id. 330.

SAMUEL ADAMS, and CARL R. LATHAM, for appellee:

Proof of death from unexplained violent and external means raises a presumption that such death was caused by accidental means. *Insurance Co.* v. *McConkey,* 127 U. S.

661; *Insurance Co. v. Fielding,* 35 Colo. 19; *Guldenkirch v. Accident Ass.* 5 N. Y. Supp. 428; *Peck* v. *Accident Ass.* 5 id. 215; *Warner* v. *Accident Ass.* 8 Utah, 431; *Jones* v. *Accident Ass.* 92 Iowa, 652; *Couadeau* v. *Accident Co.* 95 Ky. 280; *Insurance Co.* v. *Milward,* 118 id. 716; *Insurance Co.* v. *Sheppard,* 85 Ga. 751; *Insurance Co.* v. *Thornton,* 100 Fed. Rep. 582; *Jenkins* v. *Insurance Co.* 131 Cal. 121; *Meadows* v. *Insurance Co.* 129 Mo. 76; *Cronkrite* v. *Insurance Co.* 75 Wis. 116; *Lumpkin* v. *Insurance Co.* 11 Colo. App. 249.

There is a presumption against suicide and the intentional self-infliction of injuries. 1 May on Insurance, (2d ed.) 325; 4 Joyce on Insurance, 3773; 4 Cooley on Insurance, 3212, 3255.

That death occurred through accidental means may be shown by the facts and circumstances of the case as well as by the testimony of eye-witnesses. *Mallory* v. *Insurance Co.* 47 N. Y. 52; *Insurance Co.* v. *Goddard,* 76 S. W. Rep. 852; *Insurance Co.* v. *Stough,* 83 id. 126; *Casualty Co.* v. *Freeman,* 109 Fed. Rep. 847; *Lewis* v. *Accident Co.* 79 N. E. Rep. 802; *DeVan* v. *Accident Ass.* 92 Hun, 256; *Insurance Co.* v. *Bennett,* 90 Tenn. 256; *Landon* v. *Insurance Co.* 43 App. Div. 487.

In cases of unexplained death by violent and external means, where the inquiry is whether such death was also caused by accidental means, the habits, temperament and family relations of the deceased are all competent evidence. Such evidence tends to negative the possibility that the injuries were intentionally self-inflicted and supports the conclusion that they were sustained by accidental means. *Casualty Co.* v. *Weise,* 182 Ill. 496; *Laessig* v. *Protective Ass.* 169 Mo. 272; *Insurance Co.* v. *Fielding,* 35 Colo. 19; *Casualty Co.* v. *Freeman,* 109 Fed. Rep. 847; *Insurance Co.* v. *Milward,* 118 Ky. 716; *Insurance Co.* v. *Bennett,* 90 Tenn. 256; *Insurance Co.* v. *Ayres,* 217 Ill. 390; *Wright* v. *Insurance Co.* 29 Upper Can. C. P. 221.

Accident insurance against injuries from the burning of a building includes a burning of the contents, involving also the building itself. *Houlihan* v. *Insurance Co.* 111 N. Y. Supp. 1048.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action of assumpsit commenced in the superior court of Cook county by the appellee, Laura S. Wilkinson, executrix of the will of John Wilkinson, deceased, against the appellant, the Ætna Life Insurance Company, upon two policies of accident insurance taken out in said insurance company by said John Wilkinson, one called a "Regular form accident policy" for $5000 and the other called a "Twentieth century combination accident policy" for $10,000, which last policy contained a provision that in case injuries to the insured were sustained "in consequence of the burning of a building in which the insured shall be at the commencement of the fire, the amount to be paid shall be double the sum specified in the clause under which claim is made, subject to all the conditions of this policy." The declaration contained ten special counts and the consolidated common counts in *indebitatus assumpsit*, to which were filed the general issue and four special pleas. A trial resulted in a verdict for $27,982.64, upon which the court rendered judgment, which judgment has been affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

The evidence of the plaintiff fairly tended to prove that John Wilkinson died on the ninth day of September, 1904; that prior to the accident which caused his death he lived with his family at 482 and 484 LaSalle avenue, in the city of Chicago; that he had a cottage at Fox Lake, where he and his family spent a part of each summer; that on the seventh day of September, 1904, his wife was at Fox Lake, from which place he had just returned to the city of Chi-

240—14

cago; that he was fond of archery, and he made the archery targets which he used, in the loft of a brick barn which stood in the rear. of the house in which he lived; that he was in good health and of a cheerful and hopeful disposition and was an inveterate smoker of cigars, especially when at work; that a housekeeper was employed at the LaSalle avenue house, who prepared the meals for Mr. Wilkinson and one of his sons in the absence of his wife; that there were some wooden boxes and some boards in the barn loft used as a bench or table upon which to manufacture archery targets and a small amount of straw used in making said targets; that on the afternoon of September 7, 1904, after Wilkinson had eaten his mid-day meal, he went to the barn; that he subsequently returned to the house and talked with a boy who called to see him; that he then went back to the barn; that he then had in his mouth a cigar; that at 3:40 o'clock in the afternoon there was an alarm of fire; that the fire department responded and on arriving at the barn found the loft on fire; that the loft was reached by an enclosed stairway from the first story and by two doors from the alley in the rear of the barn, which opened in, and the barn loft was lighted by two windows on the east side of the barn, which fronted toward the house; that the firemen, on breaking into the barn loft through the doors and from the alley, found the straw, boxes, boards and the interior of the loft on fire and Wilkinson lying on the loft floor, unconscious; that they removed Wilkinson from the loft, who soon regained consciousness, and the fire was extinguished; that Wilkinson was badly burned upon his hands, arms, legs and body and had inhaled flame and smoke, from the effect of which he died within two days.

On the trial it was admitted that the policies were in force at the time Wilkinson was injured, that his injuries were effected by violent and external means, and that proper proof of his death had been made.

At the close of all the evidence the defendant made a motion for a directed verdict, which motion was denied, and the action of the court in that regard is the first error relied upon as a ground of reversal.

It was admitted on the trial that John Wilkinson lost his life by injuries effected by violent and external means. The only question of fact, therefore, left open for proof was whether the injuries which caused his death were accidental or self-inflicted. The burden of proof was upon plaintiff to show they were accidental and not self-inflicted. (*Fidelity and Casualty Co.* v. *Weise,* 182 Ill. 496.) It was not necessary, however, that the plaintiff prove by an eye-witness that the injuries which caused the death of Wilkinson were accidental, but that fact might be established by circumstantial evidence, and we think it clear from the facts in proof that it cannot be said, as a matter of law, that the injuries which caused the death of Wilkinson were self-inflicted, but that the court properly submitted that question to the jury.

The defendant introduced no proof, and the evidence of the plaintiff tended to establish that the deceased was in good health prior to the time he was injured; that he was of a cheerful and hopeful disposition; that he was seen to go to the barn with a cigar in his mouth; that he was an inveterate smoker, especially when at work; that in a short time after he went to the barn the loft where he did his work was in flames; that on it being broken into by the firemen he was lying upon the floor in an unconscious condition, and that his body, when he was removed from the burning loft, was found to be badly burned. In addition to those facts the plaintiff, in support of the theory that Wilkinson's injuries were accidental and not self-inflicted, had the right to invoke the presumption that men in the condition in which the evidence showed Wilkinson to be just prior to his injury do not ordinarily take their own lives. In the *Weise case, supra,* on page 498, this court said:

"The presumption of the law is that all men are sane and possessed of the love of life; are animated by the instincts of self-preservation and the natural desire to avoid personal injuries and death. This presumption, in the absence of countervailing proof, may be sufficient, within itself, to establish *prima facie* that death occurred otherwise than by self-destruction and to cast upon the defendant company the burden of producing evidence on the point." While this presumption is a rebuttable presumption and may be overcome by proof, when not rebutted by proof or the circumstances in evidence surrounding the death, such presumption, when taken with the admission that the injuries which caused death were violent and external, is sufficient to require the court to submit to the jury the question whether the injuries which caused the death of Wilkinson were accidental or self-inflicted.

It is next contended that the court should have directed the jury that the plaintiff could not recover the double liability upon the "Twentieth century combination accident policy," as it is said the proof did not show that the injuries from which Wilkinson died were sustained in consequence of the burning of the building in which Wilkinson was at the time the fire commenced. This contention involved two facts: (1) Does the evidence tend to show that Wilkinson was in the barn loft when the fire commenced; and (2) was it the burning of the building which caused the injuries which resulted in his death. The evidence fairly tended to show that Wilkinson went to the barn; that his work required him to be in the loft; that he had a cigar in his mouth when he went to the barn; that he was an inveterate smoker, especially when at work; that shortly after he went to the barn the loft was discovered to be on fire, and that he was then found in the loft, badly burned and in an unconscious condition. From those facts the jury were justified in drawing the inference that he was in the building at the commencement of the fire. It

also appeared from the evidence that the floor and roof of the loft were more or less burned at the time the firemen broke into the loft, and that when they reached the loft Wilkinson was lying upon the floor in an unconscious condition, with severe burns upon his hands, arms, legs and different parts of his body and had inhaled flame and smoke. The inference from this evidence, we think, might fairly be drawn that the injuries which resulted in Wilkinson's death resulted, in part, from the burning of the building.

This court, in passing upon the question as to whether the court erred in declining to direct a verdict cannot weigh the evidence. The only question this court can determine upon that motion is, was there evidence introduced which, together with all inferences which may legitimately be drawn therefrom, fairly tended to show that Wilkinson was in the building when the fire commenced, and that the injuries which caused his death were inflicted upon him as a result of the burning of the building? If, however, it did not appear that the building, as contradistinguished from its contents, was on fire, still, as the contents of the loft were on fire, we think the appellant should be held liable, under the terms of said policy, for the double liability. The word "building," as used in this form of policy, should be held, we think, to include the contents of said loft. It has been repeatedly held that a contract of insurance like the one upon which this suit is based, if there is any ambiguity in the language used in the policy, as the language found in the policy is that of the insurance company and not of the insured, should be favorably construed on behalf of the insured and so as not to defeat a recovery in favor of the insured. The insured in this case was contracting for indemnity against an accident from fire while he was in a building, and not alone from the burning of a building.

We do not think the court erred in declining to take the case from the jury at the close of all the evidence.

It is also contended that the court erred in giving to the jury the first instruction offered upon behalf of the appellee, which reads as follows:

"The court instructs you that where a man suffers injuries which might have been caused by accident or might have been intentionally inflicted upon himself, and there is no preponderating evidence as to the cause of such injuries, the presumption is that they occurred by accident."

The law is well settled where the evidence shows that the insured has suffered an injury which has caused death and there is no proof in the record from which it can be determined whether the injury was accidental or self-inflicted, that the presumption is that the injury was accidental and not self-inflicted. (*Preferred Accident Ins. Co.* v. *Fielding,* 35 Colo. 19; *Travelers' Ins. Co.* v. *McConkey,* 127 U. S. 661; *Mallory* v. *Travelers' Ins. Co.* 47 N. Y. 52; *Cronkhite* v. *Travelers' Ins. Co.* 75 Wis. 116; *Warner* v. *Accident Ass.* 8 Utah, 431; *Jones* v. *United States Mutual Accident Ass.* 92 Iowa, 652; *Couadeau* v. *American Accident Co.* 95 Ky. 280; *Fidelity and Casualty Co.* v. *Freeman,* 109 Fed. Rep. 847; *Travelers' Ins. Co.* v. *Sheppard,* 85 Ga. 751; *Insurance Co.* v. *Bennett,* 90 Tenn. 256.) We think the instruction correctly stated the law.

It is also contended that the trial court erred in declining to give to the jury certain instructions offered on behalf of the appellant. These instructions bore upon the questions whether deceased was in the building at the time the fire commenced or was injured in consequence of the burning of the building, and are in conflict with what has been heretofore said upon those subjects in this opinion and were therefore properly refused, or were upon propositions of law which were fully covered by other instructions which were given to the jury on behalf of the appellant. We think the jury were properly instructed as to the law.

It is also insisted that the court erred in admitting proof of the habits and temperament of Wilkinson as bearing

upon his mental condition at the time of the accident. This kind of testimony is competent in this class of cases, (*Laessig* v. *Travelers' Protective Ass.* 169 Mo. 272; *Fidelity and Casualty Co.* v. *Freeman, supra;*) and the appellant having filed a plea that Wilkinson suicided, it was not error to permit the introduction of such evidence in chief in anticipation of such defense. *Dimick* v. *Downs*, 82 Ill. 570; *Mayer* v. *Brensinger*, 180 id. 110.

We have examined this record with care, and finding no reversible error therein the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*