ERNEST J. ARNOLD *vs.* THE TRAVELERS INSURANCE COM-
PANY, HARTFORD, CONNECTICUT.

MARCH 25, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)  *Liability Insurance.    Fire.    "Burning of Building."*

Policy insuring against bodily injuries resulting from "the burning of a building while therein".

*Held,* policy did not insure against accidental injury caused by a fire which occurs inside a building but to establish liability there must have been some burning of the building which caused or contributed to the injury complained of.

ASSUMPSIT.  Heard on exceptions of plaintiff and over-ruled.

STEARNS, J.  This is an action to recover on an accident insurance policy issued by defendant to plaintiff to which a supplement was attached insuring plaintiff's wife, for the benefit of plaintiff, against damage or the loss of her life resulting from certain specified accidental injuries.

The clause under which plaintiff claims the right of recovery, insures plaintiff's wife "against loss resulting from bodily injuries effected directly and independently of all other causes through external, violent and accidental means (suicide, sane or insane, not included) while riding as a passenger in a railway passenger car, or vessel licensed for the transportation of passengers, provided in either case by

a common carrier and propelled by mechanical power, or while in a passenger elevator, or caused by the burning of a building while therein".

The case was tried by a jury. At the conclusion of the testimony each party moved for the direction of a verdict. Plaintiff's motion was denied and defendant's was granted. The case is here on plaintiff's exception to the direction of a verdict for defendant.

Plaintiff's wife died as a result of burns. He claims that her death was caused by the burning of a building while therein, within the meaning of that clause in the policy. The evidence was brief. The facts are not in dispute.

Plaintiff with his wife and daughter lived in Saylesville. On the morning of April 25, 1925, plaintiff, after arising, went to the kitchen on the first floor of his house, lighted two burners of the gas cooking stove therein and cooked his breakfast. This was the only stove in the house. Loose matches were kept in a small earthen dish on a shelf on the top of the stove. Having finished breakfast, he says that he shut off the supply of gas to the stove, because he always did it when he had finished using the stove. As he was leaving the house to go to his work, his wife came downstairs and came into the kitchen; he thinks she went to the door with him when he went out. Sometime later, between eight and eighty-thirty a. m., his daughter, who was in bed on the second floor, heard her mother shrieking; she got up immediately, and ran out of her bedroom down the stairs into the hall; there she saw her mother, with her dress on fire at the bottom, run through the hall and out into the yard; as she was running out of doors her mother said that her dress had caught fire from the linoleum. The daughter does not know whether the stove was lighted or not at this time. The fire in Mrs. Arnold's clothing was extinguished by a man who came into the yard. Mrs. Arnold returned to the house where she was cared for by a doctor, who was at once called and who arrived at the house within five

minutes thereafter. Plaintiff was notified by telephone of the occurrence and returned at once to his home. Plaintiff after seeing that his wife was properly attended to, about fifteen minutes after his return went into the kitchen and put out the fire which was still burning in the linoleum matting. This matting was laid loosely on but was not fastened to the floor; it was removed from the floor later in the day. The boards beneath a hole which was burned in the linoleum were smoked and slightly charred. The hole in the linoleum was of irregular shape, at a place about two feet in front of the gas stove in the location where a person using the stove would naturally stand; it was described as eighteen or twenty inches in diameter, or of about the size of a pail or a washtub. The fire started in the linoleum and not in the floor of the building. All that was required to be done to repair the damage to the floor boards was done later by plaintiff without the need of carpenter or painter. He scraped the top of the boards with a hand scraper, then rubbed them with sandpaper and varnished them. The daughter testified that her mother was working in the kitchen; she did not know whether she was cooking breakfast but thought she was not, because it was fairly late for breakfast; she thought she was probably getting ready to cook as she usually did at that time. Her mother wore a cotton dress the bottom of which was six or eight inches from the floor. From the evidence it is probable that from the time when Mrs. Arnold's dress caught fire, some twenty to thirty minutes must have elapsed before the fire in the linoleum was extinguished.

The origin of the fire is unknown. Mrs. Arnold may have stepped upon and ignited a match on the floor, or it is possible that the gas flame started the fire. Mrs. Arnold said her dress caught fire from the burning linoleum. This linoleum matting was one of the articles of personal property in the building; it was no part of the building. The injury to Mrs. Arnold occurred before any part of the building was on fire and the result, so far as she was concerned, was the

same as if the fire in the linoleum had never reached the floor of the building. The cause of the fire, which resulted in Mrs. Arnold's death was the burning linoleum. The subsequent fire in the floor of the building had no causal relation therewith. The words of the clause in question are simple and in common usage. As there is no ambiguity there is no room for interpretation. If the insurer intended to restrict its liability to fires caused by the burning of a building, as distinguished from the contents of a building, (1) a simpler statement than the one under consideration is not easily made. The policy does not insure against accidental injury caused by a fire which occurs inside a building. To establish liability there must have been some burning of the building which caused or contributed to the injury complained of. The clause in question has been considered by the courts of several states and the decisions are conflicting. In accord with our conclusion are the following cases: *Houlihan* v. *Preferred Accident Insurance Co.*, 196 N. Y. 337; *Kreiss* v. *Ætna Life Ins. Co.* 229 N. Y. 54; *Farley* v. *Ætna Life Ins. Co.* (Mo.) 207 S. W. Rep. 281; *Maryland Casualty Co.* v. *Edgar*, 203 Fed. 656. Plaintiff relies on *Wilkinson* v. *Ætna Life Ins. Co.*, 240 Ill. 205. In that case the clause in the policy, on which recovery was sought, was where injuries to the insured were sustained "in consequence of the burning of a building in which the insured shall be at the commencement of the fire". A verdict for plaintiff was sustained. In its opinion the court held that from the evidence the inference might fairly be drawn that the injuries of the insured resulted in part from the burning of the building; but, even if the building was not on fire, if the contents of the building were on fire, the insurer was liable; that the word "building" as used in this form of policy should be held to include the contents of the building; that the insured was contracting for indemnity against an accident from fire, while he was in a building, and not alone from the burning of a building. The court refused to disturb the verdict for several reasons.

The construction of the contract was not strictly necessary but the case supports plaintiff's claim.   The court supports its construction on the familiar principle that if there is any ambiguity in the language of the policy, that construction should be approved which favors the claim of the insured. This principle of construction we think is just as the language used is the insurer's who is responsible for any ambiguity. But to apply this principle there must be some ambiguity in the policy.   We do not find any ambiguity in this clause. To include the contents of a building within the meaning of the word "building" as used in the policy is to add something to the contract of insurance.

In *Hiatt* v. *Travelers' Insurance Co.* (Iowa), reported in 33 A. L. R. 655, with a note thereon, the cases are collected and discussed.   In the *Hiatt* case, under a similar clause in an insurance policy, it was held that the burning of a building is not the same as the burning of articles or contents in a building.   In the *Hiatt* case it was held, as there was evidence that the fire which caused the injury was in part at least caused by a burning building, the cause of death was a question for the jury.

In *Kleis* v. *Travelers' Insurance Co.*, 118 Minn. 422, the court held that in view of the record of the case it was not required to choose between the two conflicting rules as stated in the *Houlihan* and *Wilkinson* cases.   After reviewing the evidence, the court decided there was evidence to sustain a verdict that the death of the insured was caused by a burning of the building.

In the case at bar as the death of Mrs. Arnold was not caused by the burning of a building, defendant was not liable.   There was no error in the direction of the verdict.

Plaintiff's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict as directed.

*Quinn, Kernan & Quinn, Michael De Ciantis,* for plaintiff.
*Ralph T. Barnefield,* for defendant.