WINIFRED WHITE, APPELLEE, v. WASHINGTON NATIONAL INSURANCE COMPANY, APPELLANT.

277 N. W. 69

FILED JANUARY 12, 1938. No. 30141.

*Brogan, Ellick, Shoemaker & Fitzgerald,* for appellant.

*Robert Smith* and *Brome & Thomas, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ., and MUNDAY, District Judge.

CARTER, J.

This is an action by the beneficiary under an accident insurance policy to recover benefits accruing on account of the death of her son, the assured. The verdict of the jury was for the plaintiff in the sum of $1,500 and judgment was entered thereon. From the overruling of its motion for a new trial, the defendant appeals.

The policy provides for the benefits for which this action was brought if the insured shall sustain injuries as described in the insuring clause and such injuries shall be sustained: "(c) By the burning of any * * * dwelling-house * * * in which the insured shall be at the beginning of such fire, and is burned by such fire or suffocated by the smoke therefrom."

The evidence discloses that John Andrew Lowe, the insured, was heating a can of paint remover in the kitchen of the Martha Taylor Smith home when an explosion occurred. The kitchen was in flames immediately and resulted in considerable damage to the room and contents before the fire was extinguished. The insured escaped from the room but was so badly burned that he died the next morning. Clara Bell Jones, a maid employed in the Smith home, was in the kitchen at the time the explosion happened. She testifies that she was getting a drink of water at the time and had her back turned to the stove when the explosion took place. She did not see the insured at the time of or following the explosion until he was taken from the house. She first noticed that her clothing was afire and ran upstairs where she succeeded in putting out the fire in her clothing. It is quite evident from her testimony

that she was so excited at the time that she remembers very little of what happened after the explosion occurred. All of the other evidence, other than that there was an explosion followed immediately by a fire, is circumstantial. Defendant contends that this evidence is insufficient to sustain the jury's finding that insured was injured "by the burning of any * * * dwelling-house" and that he was in fact injured by the explosion and the fire resulting therefrom.

The use of the words "by the burning of any * * * dwelling-house * * * in which the insured shall be at the beginning of such fire" unmistakably requires the burning of a dwelling-house, either in whole or in part, as a condition precedent to liability on the part of the insurer. The evidence in this case shows that the building as well as the contents was badly damaged by fire. The doors, windows and casings were all burned and charred. The description given by the witnesses indicates that the whole kitchen was in flames. The only question remaining is whether there was any evidence of a substantial nature tending to prove that the insured sustained his injuries by reason of the burning of a dwelling-house sufficient to justify the submission of the case to the jury.

There is no evidence in the record as to the exact time the insured got afire. No one is able to testify that the explosion produced the fire that burned him because no one saw it. Circumstantial evidence is of course competent to establish the causal connection between the burning of the building and the injuries suffered by the insured.

In *Hiatt v. Travelers Ins. Co.*, 197 Ia. 153, 197 N. W. 3, the court said:

"The inflammable portions of the building in question were on fire, and were burned. 'The doorway and casings around the door were all in flames, and burning. We had to crouch down to get out, and the flames from the door and casings would touch as he (Hiatt) came through. The doorway was all blazing. As he crouched through the doorway, the flames licked down and came across his body.

The flames went against his body—the whole body.' There is no dispute in the evidence that the doorway was all ablaze as Hiatt made his exit from the building. * * *

"Was it for the trial court to say whether the injuries to the plaintiff were caused by the burning of the gasoline through the explosion, or the burning of the contents of the building, or by the burning of the building? Would reasonable minds differ, under the evidence of this case? Here we have a fire shown, a fire touching and enveloping the body of the insured. No one testifies that fire touched the body of decedent in any other manner, except it may be inferred from the circumstances that his clothing caught fire while passing between the cars. It may not be said that there was no causal connection between the burning of the building and the injuries causing the death of the decedent. We find testimony bearing on the question at issue, and there was room for fair-minded men to conclude from the proofs offered by plaintiff that the burning of the building was an operating agency in bringing about a result which is alleged as a basis of recovery."

In a similar case the Minnesota court, after reciting the facts, said: "While it is somewhat vague and uncertain as to just what portion of the building was burned, and the extent of the burning, it is nevertheless apparent that there was a general conflagration of considerable dimensions, and we cannot say that there was no evidence of the burning of the building. Under the instruction given, the verdict implies a finding that Mrs. Kleis' death was caused by the burning of the building while she was therein, and we cannot say that there was no evidence to sustain this finding." *Kleis v. Travelers Ins. Co.*, 118 Minn. 422, 136 N. W. 1101.

In *Commercial Casualty Ins. Co. v. Adkisson*, 152 Okla. 216, 4 Pac. (2d) 50, the court in a similar case said: "In an action on accident policy providing for triple indemnity if the insured receives fatal injuries 'in consequence of the burning of any hotel while the insured is therein,' where deceased was in her room, an explosion occurred therein,

the bedding, clothing, and woodwork of said room in said hotel became on fire and deceased ran into the hall of said hotel in flames, it is a question of fact for the jury to pass on from the evidence and all inferences or conclusions which may be reasonably and logically drawn therefrom as to whether deceased caught fire from the burning of said hotel or from other causes, under proper instructions of the court."

In *Curran v. National Life Ins. Co.*, 251 Pa. St. 420, 96 Atl. 1041, the court in a like case said: "To hold as matter of law that plaintiff failed to prove sufficient facts to take the case to the jury, would prevent recovery in most cases of this kind, because of the difficulty of proving the origin of the fire, thus imposing on the policyholder a burden not contemplated by the contract. Defendant insured against bodily injury sustained through 'the burning of a building, while the beneficiary is therein.' The burning of the building and the presence of the beneficiary therein is conceded, the only question being as to the manner in which the fire was communicated to the insured, the proof as to this being purely circumstantial. 'In a question of circumstantial evidence, the proof derived from the circumstances is a question of natural presumption, and is to be found by the jury. The strength of the proof depends on the probability resulting from the facts. The presumption thus arising being a natural one is to be determined necessarily by the jury, and not by the court. It is the right of the party to have this submitted to the jury, unless it be so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances. If in such a case as this we say that all the combined circumstances afford no evidence, we take from the party the right of trial by jury, a right of the utmost importance in a matter in which the natural instinct and judgment of men are the legal and constitutional right of a party.' *Brown v. Schock*, 77 Pa. 471, 479. Defendant's rights were carefully and amply safeguarded in the charge, and the question was for the jury. *Taylor v. General Acci-*

*dent Assurance Corporation*, 208 Pa. St. 439; *Hill v. Central Accident Ins. Co.*, 209 Pa. St. 632."

Also, in *Aetna Life Ins. Co. v. Smith*, 19 Fed. (2d) 140, the court stated: "The evidence failed to show that the death of the insured was caused by the explosion of gasoline. It is conjectural how much gasoline was left in the bucket, as the insured had been cleaning parts of his automobile with it for several hours. He was alive after that explosion, and might have continued to live if he could have escaped from the garage without going through the flames that came up from the burning floor. Those flames were of sufficient size and intensity, and covered enough space along the narrow passageway to the door, to be the efficient cause of death. The conclusion is that it was not error to submit the case to the jury."

Other cases supporting the contention of plaintiff are *Messervey v. Standard Accident Ins. Co.*, 58 Fed. (2d) 186; *Wilkinson v. Aetna Life Ins. Co.*, 240 Ill. 205, 88 N. E. 550.

We have examined the authorities cited by defendant and find that they do not support the contention of the insurance company under the facts involved in this case. We are of the opinion that the trial court properly submitted this case to the jury under the authorities hereinbefore cited. The judgment is

AFFIRMED.