## BROOKS v. PROVIDENT LIFE & ACCIDENT CO.

## SAME v. LOCOMOTIVE ENGINEERS MUT. LIFE & ACCIDENT INS. ASS'N.

### Nos. 423, 429.

### District Court, E. D. Texas

### April 22, 1948.

Freels & Elliott, of Sherman, Tex., for Provident Life & Accident Co., and Freeman, Wolfe, Keith & Milam, of Sherman Tex., for Locomotive Engineers Mutual Life & Accident Ins. Ass'n, for the motion.

Gullett & Gullett, of Denison, Tex., for plaintiff.

ATWELL, District Judge.

Walter B. Brooks, deceased, was a railroad engineer and had two accident policies, one in No. 423, and one in No. 429. Each contained a double indemnity provision. The Provident policy provided such benefit, "if such injury causing the loss, shall be sustained by the insured by the burning of a completed building." The Locomotive policy provided double indemnity, "if the injury causing the loss occurs in consequence of the burning of the building."

The deceased was a locomotive engineer. He returned to Denison from his run, about two o'clock each morning. In order to avoid awakening his family at that hour, and in order to permit himself to get the necessary rest and sleep, they constructed a second story on the garage in the rear of his residence. It was a complete building.

Shortly after eight o'clock in the morning of April 26, 1947, his wife looked out the back window of their home, which was in front of the garage building, and, evidently, saw her husband in this burning building. She fainted. Two neighbors, who were about a block away, jumped into their automobile and hurried there and ran toward the burning building and saw the fire in there and saw him at a window motioning to them to open the door. They burst the door open and dragged him out. The hair was burned from his head, his sleeping garment was burned from his body, almost entirely, and the hair was burned off his body, and he died shortly afterward.

The fire company had been summoned in the meantime, and was there in a few moments, and used water to quench the fire in the baseboards of the buildings, and. in the window sills, and in the door sills, and in some of the furniture including curtains, chairs, bed, etc. A carpenter came later and repaired the building, that is, the baseboards,  the windows and the door.

The defendant sought to introduce, and the court permitted the introduction over the objection of the plaintiff, a mumbled statement to the fire marshal, to the effect that he had arisen to connect the hose on a gas stove and had lighted a match to ignite the gas and the fire resulted.

During the trial, the fire marshal from Denison and the Chief of the Fire Department from the same place, which is some-thing over ten miles distant from Sherman, the place of the trial, returned to their duties in Denison. The defendants claim that those two witnesses had returned after they had testified, but, before being excused. It seemed that it was quite proper that they had sufficient regard for their respectively important tasks to do that, but the court permitted a recess for the purpose of having those two witnesses returned under the theory that they would not testify that they put out any fire that was burning any portion of the building. That the fire was only as to contents. The carpenter who had, in truth, repaired the burned portions of the building, having in the meantime testified, when the fire marshals returned, they corroborated what the carpenter had said.

Upon that theory the court conceived it his duty to submit the question of the "burning building" to the jury and if they found that the building was burning, that then, in that event, they would find for the plaintiff double indemnity. If they did not so find, they would find for the defendants single indemnity. That form was followed by the jury.

The contention of the defendants that the striking of the match and the incident fire that resulted from the burning or explosion of the gas, was the proximate cause of the death of the insured, was a matter that should be determined by the jury.

The striking of the match was a fire. The catching of the gas, was a fire. The lighting of the furniture in the building, was a fire, and the burning of the building itself, was a fire. All of this occurred while the deceased was in the building and his death resulted therefrom.

Many cases cited by each party bear, more or less, upon the issue here, but each of them, if carefully studied, as to facts and the provisions are not identical, but convinces the court that the jury has a right to have this matter submitted to it. That is what was done. To re-examine the jury's finding on the facts, would be to take from it that fundamental jurisdiction which our wise courts do not do.

Without attempting an analysis of each case, the following may be, indiscriminately, cited: Maryland Casualty Co. v. Edgar, 4 Cir., 203 F. 656; Houlihan v. Preferred Accident Insurance, Co., 196 N.Y. 337, 89 N.E. 927, 25 L.R.A.,N.S., 1261; Arnold v. Travelers, Ins. Co., 48 R.I. 208, 136 A. 690, 56 A.L.R. 488; Hiatt v. Travelers, Ins. Co., 197 Iowa 153, 197 N.W. 3, 33 A.L.R. 655; White v. Washington Nat. Ins. Co., 133 Neb. 805, 277 N.W. 69; Kreiss v. Aetna Life Ins. Co., 229 N.Y. 54, 127 N.E. 481; L'Ecuyer v. Indemnity Life & Accident Co., 97 Kan. 540, 155 P. 1088; Farley v. Aetna Life Ins. Co., 200 Mo.App. 460, 207 S.W. 281; Wilkinson v. Aetna Life Ins. Co., 240

Ill. 205, 88 N.E. 550, 25 L.R.A.,N.S., 1256, 130 Am.St.Rep. 269; Kleis v Travelers, Ins. Co., 118 Minn. 422, 136 N.W. 1101; Curran v. National Life Ins. Co., 251 Pa. 420, 96 A. 1041; Aetna Life Ins. Co., v. Smith, 5 Cir., 19 F.2d 140; Messervey v. Standard Accident Ins. Co., 2 Cir., 58 F.2d 186; Commercial Casualty Ins. Co. v. Adkisson, 152 Okl. 216; Hamilton v. North American Acc. Ins. Co., 4 P.2d 50, 99 Neb. 579, 157 N.W. 111, Ann.Cas.1917C, 409; Aetna Life Ins. Co. v. Aird, 5 Cir., 108 F.2d 136, 125 A.L.R. 1436; Standard Accident Ins. Co. v. Van Altena, 7 Cir., 67 F.2d 836.

The second point raised by the defendants is that the court granted $500 attorney's fee under the general statutory authority relating to unpaid life insurance liability, and the return of $803.25 premium. These two recoveries were objected to in No. 429.

I believe that those two objections are well taken and a remittitur should be entered in that total for the benefit of that defendant.

That particular policy is a mutual policy and the $500 attorneys' fee was agreed upon by the parties, subject to the defendant's right, in No. 429, to be heard. I do not recall that anything was said about the $803.25. At any rate, it does appear that the mutual policy statute of Texas takes that class of a policy out of the general penalty statute providing for 12% penalty and attorney fees.

With that remittitur being entered, both the motion to enter judgment non obstante veredicto, or, alternatively, for a new trial, are overruled.