## MARYLAND CASUALTY CO. v. EDGAR.

(Circuit Court of Appeals, Fourth Circuit. February 5, 1913.)

No. 1,113.

INSURANCE (§ 527*)—ACCIDENT POLICY—DOUBLE LIABILITY—BURNING BUILDING.

A cellar having become flooded and the odor of gasoline having been perceived, decedent went to investigate. Not being able to detect the odor of gasoline, he lighted a match to ascertain the conditions. After the match had burned out, he threw down the glowing stick, and as it reached the water there was an explosion of gasoline, by which he was so badly burned that he subsequently died. The explosion also burned off the insulation of certain electric wiring in the cellar, slightly charred a wooden lattice door, blackened some of the joists, and blistered the paint on some of the woodwork, when it was extinguished. The building was fired, but was promptly extinguished. *Held*, that decedent's burns preceded the burning of the building, and hence defendant casualty company was not subject to a double indemnity under a clause in its policy providing for double indemnity in case the assured sustains injury in consequence of the burning of a building while he is therein.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1312, 1313; Dec. Dig. § 527.*]

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; Benjamin F. Keller, Judge.

Action by Hilda Norvell Edgar against the Maryland Casualty Company. Judgment for plaintiff, and defendant brings error. Reversed.

Malcolm Jackson, of Charleston, W. Va. (Brown, Jackson & Knight, of Charleston, W. Va., on the brief), for plaintiff in error.

J. M. Payne and W. E. R. Byrne, both of Charleston, W. Va. (Payne, Minor & Bouchelle, of Charleston, W. Va., on the brief), for defendant in error.

Before GOFF and PRITCHARD, Circuit Judges, and McDOW-ELL, District Judge.

McDOWELL, District Judge. The defendant in error was the plaintiff below. This action was brought to recover $5,000 under the double indemnity clause of an accident insurance policy insuring one J. B. Edgar for the benefit of his wife, the plaintiff below. By agreement the defendant paid the plaintiff $2,000, leaving unpaid an admitted liability of $500. In September, 1909, Edgar was so severely burned that he died. It appears that he and his wife were living in Charleston, W. Va., at the home of Mrs. Edgar's mother, Mrs. Norvell. As the result of a sudden and heavy rainstorm, the cellar of the house became flooded. Upon some examination being made by a member of the family, the fact that the cellar was flooded was discovered, and an odor of gasoline was perceived. Edgar, in order to investigate further, went down the cellar steps and stood on a chair in the water on the cellar floor at the foot of the steps. Not being himself able to detect the odor of gasoline, he lighted a match to ascertain the conditions in the cellar. After the match had burned out, he threw down or dropped the still glowing match stick. As it reached the water there was an explosion of gasoline, which badly burned Mrs. Norvell and her son, George Norvell, who were standing on the cellar steps behind Edgar. For a very brief space of time thereafter, apparently a few seconds only, Edgar appears to have been in the cellar; but he quickly made his way out, by another exit, badly burned, and hurriedly sought a physician. It developed that he was externally and badly burned about the head, chest, and legs, and, as was believed by the physician most familiar with the case, his fatal injury was due to internal burns from inhaled flame. His death occurred some few days later. The explosion was evidently due to the fact that a can of gasoline left in the cellar had been overturned by the inrush of water, and the gasoline had spread over the water. Aside from the injuries to Edgar, Mrs. Norvell, and George Norvell, the result of the explosion was to burn off in places the insulation of an electric wire in the cellar, to slightly char a wooden lattice door, to burn some paper, to blacken some of the joists in the cellar, and to blister the paint on some of the woodwork near the cellar door. The fire was very speedily extinguished; but for a brief time, as a result of the gasoline explosion, the building was on fire, and, had the fire not been quickly extinguished, the building would have been seriously injured by fire.

The policy insured against bodily injuries through external, violent, and accidental means, and provided for double indemnity, inter alia, "if the assured shall sustain such injuries * * * *in consequence of the burning of a building while the assured is therein."* We quote here from the transcript:

"Be it further remembered that at the conclusion of the evidence aforesaid the defendant asked the court to give the following instruction to the jury as embodying a correct proposition of law applicable to this case, to wit: 'The court instructs the jury that under the evidence in this case the plaintiff is not entitled to recover under the double indemnity clause of the policy

of insurance; and the jury are therefore instructed to render a verdict for the plaintiff for the sum of $500.' Which instruction the court, on objection of the plaintiff, refused to give, to which ruling of the court the defendant then and there objected and excepted.

"And thereupon the defendant asked the court to give the following instruction to the jury as embodying a correct proposition of law applicable to this case: 'The court instructs the jury that the plaintiff cannot recover under the double indemnity clause of the policy of insurance, unless the plaintiff proves by a fair preponderance of the evidence that the death of her husband was caused by the burning of some part of the building in which he was injured.' Which instruction the court, on the objection of the plaintiff, refused to give, to which ruling of the court the defendant then and there objected and excepted.

"And thereupon the defendant asked the court to give the following instruction to the jury as embodying a correct proposition of law applicable to this case: 'The court instructs the jury that if the death of the plaintiff's husband was due to burns caused directly and immediately by the gasoline flames, and was not affected in any manner by the burning of any part of the building in which he was injured, then the plaintiff is not entitled to recover under the double indemnity clause of the policy of insurance.' Which instruction the court, on the objection of the plaintiff, refused to give, to which ruling of the court the defendant then and there objected and excepted."

The instruction given, in so far as is now material, is as follows:

"I consider the policy as requiring, as a condition to enable the double indemnity clause to be operative, that proof shall be made that the building was in the condition of burning by this fire. If the jury find that as a fact, I then instruct them, if in that accident the assured received injuries, whether from the burning of the structure or from that that was within it, a condition arises that allows recovery under the policy. If the jury, therefore, finds that this fire in the building caused the structure to ignite—no matter how much was burned—so that the structure did burn, that the condition then arose under which the maximum of this policy is recoverable.

"Now, evidence has been introduced tending to show that a portion of the structure did take fire. However, that is a question for the jury that I will not withdraw from it; and if it is desired by counsel that the jury deliberate upon that question, they can do so. If the jury find that to be a fact, your verdict will then be in favor of the plaintiff for the sum of $3,000, with interest on $2,500, part thereof, from the 6th day of September, 1909. If you find that the evidence does not show that the building took fire, then your verdict should be for the sum of $500.

"To the giving of which instructions the defendant then and there excepted and objected as follows: Because said instructions make the defendant liable under the double indemnity clause of the policy of insurance if the building in which the insured was injured merely took fire in any part, without regard to the question whether or not his injuries were caused in any degree by the burning of the building or any part thereof."

In Insurance Co. v. County of Coos, 151 U. S. 452, 463, 14 Sup. Ct. 379, 381 (38 L. Ed. 231), it is said:

" * * * Contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary, and popular sense."

We are unable to perceive that Edgar sustained the injury of which he died *in consequence* of the burning of a building. Continued study of the language of the witnesses but strengthens the conviction that he was burned by the explosion of the gasoline and before the building commenced burning. Undoubtedly there was in a somewhat techni-

cal sense a burning of the building; but this was started by the same flame which burned Edgar, and was, at the time he was injured, either not yet started or was entirely too slight to have caused his injury. The language of the policy is entirely unambiguous. By its terms the burning of a building must have had a causal connection with the injury. There clearly was no such connection here. In fact, the burning of the building was not even contemporaneous with the injury to Edgar, but followed it. Beyond question his injury was caused by the burning of gasoline within a building. In Wilkenson v. Insurance Co., 240 Ill. 205, 88 N. E. 550, 25 L. R. A. (N. S.) 1256, 130 Am. St. Rep. 269, it is held that the language used in the policy at bar covers an injury received from the burning of the *contents* of a building, but we are unable to so construe the language. On the other hand, we concur in the reasoning of the majority of the court in Houlihan v. Insurance Co., 196 N. Y. 337, 89 N. E. 927, 25 L. R. A. (N. S.) 1261. If the parties here intended double indemnity for an injury received in consequence of the burning of the contents of a building, they assuredly have not so expressed their agreement, and we must interpret their perfectly unambiguous contract according to the plain, ordinary meaning of the words used by them. Beyond all cavil gasoline is not a part of a building. And, although the burning of the building may result from an explosion of gasoline in the building, it cannot be said that one burned solely by such explosion has been injured in consequence of the (subsequent) burning of the building.

Our conclusion is that the judgment below must be reversed at the cost of the defendant in error, and the cause remanded for a new trial.

Reversed.