HATTIE H. FARLEY, Appellant. v. AETNA LIFE INSURANCE COMPANY, Respondent.

St. Louis Court of Appeals. Opinion Filed December 3, 1918.

INSURANCE: Accident Insurance: Death: Double Indemnity: Burning of Building. In an action on a policy of accident insurance by the beneficiency where the provisions of the policy obligated the insurer to pay the beneficiary double indemnity in the event the injuries causing the loss were sustained by the insured "by reason and in consequence of the burning of a building while the insured is therein," and the evidence shows that the insured, an electrician, was fatally burned, as a result of a single flash shown to have been emitted by the electric current at a switch board installed

inside of the building, caused by a short circuit, which communicated the fire to insured's clothing, proximately causing his injuries, *held*, that the insured did not sustain his fatal injuries in consequence of the burning of a building, and, hence the beneficiary could not recover double indemnity.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Wilson A. Taylor,* Judge.

AFFIRMED.

*James J. O'Donohoe* and *Paul U. Farley* for appellant.

(1) The switchboard was part of the building. Climer v. Wallace, 28 Mo. 556; Rogers, et al. v. Crow et al., 40 Mo. 91; Thomas v. Davis, 76 Mo. 72; Cohen v. Kyler, 27 Mo. 122; Havens v. Ins. Co., 123 Mo. 403; Goodin v. Elleardsville Hall Ass'n, 5 Mo. App. 289; Donnewald v. Turner Real Estate Co., 44 Mo. App. 350; The State Savings Bank v. Kercheval, 65 Mo. 682; Cooke v. McNeil, 49 Mo. App. 81; Davis v. Mugan, 56 Mo. App. 311; West v. Ins. Co.. 117 Iowa, 147; Hopewell Mills v. Taunton Savings Bank, 150 Mass. 519; Clark v. Hill, 117 N. C. 11; Ins. Co. v. Caldwell Bros., 95 Ala. 77; Alvord Carriage Mfg. Co. v. Gleason, 36 Conn. 86; Thielman et al. v. Carr et al., 75 Ill. 385; Curran v. Smith, 37 Ill. App. 69; Canal Co. v. Rockingham, 37 Vt. 622; Roddy v. Brick, 42 N. J. Eq. 218; State Security Bank v. Hoskins, 130 Iowa, 339; Brigham v. Overstreet, 128 Ga. 447; Lavenson v. Standard Soap Co., 80 Cal. 245; Porter v. Cromwell, 40 N. Y. 287; Gunderson v. Swarthout. 104 Wis. 186; 1 Clement on Insurance pages, 78-81, cases cited; Ostrander on Insurance, page 435, cases cited; Ewell on Fixtures, pages 91-93, cases cited; Gray v. Holdship, 17 Am. Dec. 680, and note; Walker v. Sherman, 20 Wend. (N. Y.) 636; Farror v. Stackpole, 6 Me. 154. (2) The injuries which caused the death of the insured were sustained by reason and in consequence of the burning of a building while the insured was therein, within the meaning of the policy. Wilkinson v. Aetna Life, 240 Ill. 205; Curran

v. Natl. Life, 251 Pa. 420, l. c. 428-30; Hamilton v. Accident Ins. Co., 99 Neb. 579; Kleis v. Ins. Co.. 118 Minn. 422; (3) The same principles apply in actions on fire insurance policies. And whether the fire causing damage be instantaneous or slow is immaterial. Renshaw v. Ins. Co., 103 Mo. 595; Farrell v. Ins. Co., 66 Mo. App. 153; Protection Ass'n v. Conner, 115 N. E. (Ind. App.) 804. (4) Loss caused by a "short circuit" is covered by a policy of insurance. Lynn Gas & Electric Co., v. Ins. Co., 158 Mass. 570; Telephone Co. v. Ins. Co. 123 Wis. 535. (5) It is not necessary to show actual ignition, or combustion to establish a loss by fire. Singleton et al. v. Ins. Co., 132 N. Y. 298; Ermentrout v. Ins. Co., 63 Minn. 305; Way v. Ins. Co., 166 Mass. 67; Insurance Office v. Woolen-Mill Co., 72 Kans. 41; Boak Fish Co. v. Assurance Co., 84 Minn. 419.

*Jones. Hocker, Sullivan & Angert, Vincent L. Boisaubin* and *James C. Jones, Jr.,* for respondent.

(1) Electricity is not fire; at least there was no proof to that effect in this case, and, therefore, the short circuit, or arc, caused either by the defect or breaking of the wires in the switch box, or in the manner in which the test was made, did not constitute the burning of the building within the meaning of the policy in suit, nor was the death of the insured, as the result of the burns caused by the ignition of his clothes from the electric flame or flash, a death which was the result of an injury or injuries sustained by reason and in consequence of the burning of the building. Sleet v. Farmers Mut. Fire Ins. Co.. 113 S. W. 515; Kenniston v. Insurance Co., 14 N. H. 431; Babcock v. Insurance Co., 4 N. Y. 326; Babcock v. Insurance Co., 6 Barb. 637; Western Woolen Mill Co. v. Insurance Co., 139 Fed. 637, 639; 9 R. C. L., p. 1186. (2) Conceding that electricity is fire (which it is not), the escaping electricity caused by the arc, or short circuit of the wires of the switch box, did not constitute the burning of a building within the meaning of the policy in suit. Maryland Casualty Co. v. Edgar, 203 Fed. 656; L'Ecuyer

v. Insurance Co., 97 Kan. 540, 155 Pac. 1088; Houlihan v. Insurance Co., 196 N. Y. 337, 89 N. E. 927.

ALLEN, J.—This is an action on a policy of accident insurance. issued by defendant insurance company on June 5, 1917, whereby defendant became bound, *inter alia,* to pay to the plaintiff, Hattie H. Farley, the sum of $3750, in the event of the death of the insured, Ernest C. Farley, husband of plaintiff, "by reason of bodily injuries effected solely through. external, violent and accidental means." By further provisions of the policy defendant obligated itself to pay to plaintiff, as beneficiary, "double indemnity," i. e., $7500, in the event that the injuries causing the loss were sustained by the insured "while a passenger in or on a public conveyance . . . or *by reason and in consequence of the burning of a building while the insured is therein."* On May 14, 1917, the insured, while working in a room containing a large electrical switchboard, received burns about his person from which he died five days later.

The suit proceeds upon the theory that plaintiff is entitled to recover the double indemnity in the policy, to-wit, $7500. On the trial below before the court and a jury, the court of its own motion, peremptorily instructed the jury that "under the law, the pleadings and the evidence," the verdict should be for the plaintiff in the sum of $3750. In obedience to this instruction the jury returned a verdict accordingly, and from a judgment entered thereon the plaintiff prosecutes this appeal.

One Dell, an, electrician and fellow workman with the insured, was the only eyewitness to the casualty, which occurred during the night. According to the testimony of this witness, shortly prior to the accident he and Farley were at a certain bench in the room, referred to as a "substation." Farley, having in his hand a testing apparatus or "testing set," said to the witness that he was "going back to make a test," or "test out," and walked to the switchboard. Shortly thereafter the, witness, who was not looking directly at

Farley at the time but had a "side view" of what occurred, "heard an awful noise," and "saw a flame and gas go up into the air." He said that the flash or flame came from the switchboard. The witness testified that immediately after this flash he glanced in the direction in which Farley had gone, but could not see the latter at first because of the smoke and gas in the room; that he quickly ran to Farley, who was about thirty feet distant, and found the latter's clothing in flames. Witness made efforts to extinguish the flames, but did not succeed in doing so until Farley had been seriously burned. There is some evidence tending to show that the flash caused oil from an "oil box," or tank of oil, connected with the switchboard, to be thrown over Farley's clothing.

The evidence shows that this switchboard, located along one wall of the room, was about thirty feet long and perhaps seven feet in height. It was firmly attached to the floor of the building by being "set in concrete," and was likewise firmly fastened to the wall. The evidence further shows that the body of the switchboard, or "box," as it is termed, was of iron, and that it was equipped with certain electrical appliances, including certain "five-eights copper rods," referred to as "buzz risers," transformers, circuit breakers (immersed in an oil tank), porcelain insulaters, etc. The evidence is that all the material composing the switchboard and the mechanism thereof, above the oil tank, consisted of metal of some character, or of porcelain or slate.

The testimony of Dell and that of one Blakeman, an electrician who worked at the plant at which Farley was injured, shows that the flash which set fire to Farley's clothing resulted from a short circuit, or electrical arc, caused in some manner while Farley was making the test mentioned, and that such a short circuit will cause a flash or flame and intense heat. On cross-examination Dell testified that he saw no flame, "excepting this first flash," i. e., other than the flames upon Farley's clothing; and that when he

reached Farley, who was then about six feet away from the switchboard, no flames were coming from the switchboard. The evidence shows, however, that by reason of the intense heat thus developed, these copper rods, or buzz risers, were burned or consumed, procelians were cracked, and other portions of the mechanism of the switchboard were melted, "blistered," scorched or otherwise damaged.

Learned counsel for plaintiff, appellant here, insist that the facts disclosed in evidence suffice to make it a question for the jury to say whether or not the insured received his fatal injuries "by reason and in consequence of the burning of a building" while he was therein, within the meaning and intendment of this provision of the policy.

For our purposes, we may assume, without deciding, that the switchboard is to be regarded as a part of the building, as appellant contends. But whether the damage thereto can be said to have constituted a burning of the building, or a portion thereof, within the purview of this provision of the policy, is quite another matter. While the evidence shows that various metallic portions of this switchboard "were burnt," i. e., melted or wholly or partly consumed by intense heat developed by the electric current when short circuited, we are not prepared to say that this constituted a burning of the building within the intendment of this provision of the policy. But be this as it may, we regard it as entirely clear that there is no evidence whatsoever to show that Farley's injuries resulted by reason or in consequence of any burning of the building. All of the evidence touching the matter shows that Farley's clothing was set on fire by the single electric flash which Dell saw; this being occasioned, as said, by the short circuiting of the electric current. This same short circuit, or the intense heat thus developed by the electric current, melted the copper rods mentioned and otherwise damaged the mechanism of the switchboard; but if this can be said to have been a "burning" of the switchboard, and

hence a "burning of the building," within the meaning of this term in the policy, the insured's injuries were not received "by reason and in consequence" thereof. If any evidence were present tending to show that the electric current set fire to some combustible portion of the building, and that 'the flames from such burning part of the building were communicated to Farley, the case would be quite a different one. The facts disclosed, however, conclusively show, we think, that Farley's injuries proximately resulted from a sudden flash occasioned by the short circuit mentioned, which flash, it appears, threw oil over him and ignited his clothing, and not from any burning of the building or any portion thereof.

Plaintiff places much reliance upon the decision of the Supreme Court of Illinois in Wilkinson v. Aetna Life Ins. Co., 240 Ill. 205. In that case it appeared that the contents of a barn loft were on fire and that the insured's injuries resulted therefrom. It was held that the term "building," as used in a policy such as here in suit, should be held to include the contents of such building. The Court of Appeals of New York in Houlihan v. Preferred Accident Ins. Co., 196 N. Y. 337, refused to follow the Wilkinson Case, as did the United States Circuit Court of Appeals for the Fourth Circuit, in Maryland Casualty Co. v. Edgar, 203 Fed. 656. We think that the Wilkinson Case, in any event, is not authority for the contention of appellants, in view of the manner in which the insured's injuries were received in the case before us; and the reasoning of the opinion on the point mentioned does not impress us as being entirely sound.

In other cases cited by appellant, which need not be here discussed, the evidence was such as to make it a question for the jury as to whether the insured's injuries were received in consequence of the burning of the building, as distinguished from the burning of the contents thereof.

In Maryland Casualty Co. v. Edgar, supra, relied upon by respondent, the insured was burned by reason of an explosion of gasoline in the cellar of his home,

by reason of which explosion the building was set on fire, though the fire was quickly extinguished. The court, among other things, said:

"We are unable to perceive that Edgar sustained the injury of which he died *in consequence* of the burning of a building. Continued study of the language of the witnesses but strengthens the conviction that he was burned by the explosion of the gasoline and before the building commenced burning. Undoubtedly there was in a somewhat technical sense a burning of the building; but this was started by the same flame which burned Edgar, and was, at the time he was injured, either not yet started or was entirely too slight to have caused his injury. The language of the policy is entirely unambiguous. By its terms the burning of a building must have had a causal connection with the injury. There clearly was no such connection here. In fact, the burning of the building was not even contemporaneous with the injury to Edgar, but followed it."

In the case before us the single flash shown to have been emitted by the electric current, at the very instant when the short circuit occurred, communicated the fire to Farley's clothing, proximately causing his injuries. And the "burning" of appliances upon the switchboard, which thereupon resulted from such short circuit, cannot be said to have had a causal connection with such injuries.

It is true, as appellant argues, that any evidence, of any substantial nature whatsoever, tending to show that the insured sustained his injuries by reason of the burning of the building, will suffice to make the question as to plaintiff's right to recover the double indemnity one for the jury. But we are unable to perceive any such evidence in the record, and consequently hold that the trial court did not err in taking this issue from the jury by the peremptory instruction given.

The judgment must therefore be affirmed, and it is so ordered.

*Reynolds, P. J.*, and *Becker, J.*, concur.