## ÆTNA LIFE INS. CO. OF HARTFORD, CONN., v. SMITH.

Circuit Court of Appeals, Fifth Circuit.
May 4, 1927.

No. 5020.

Insurance ⬅668(13)—Whether death of insured was from cause which entitled beneficiary in accident policy to double indemnity held question for jury.

Insured in an accident policy kept his automobile in a garage only a foot or two wider than the car and having an earth floor, which had become saturated with oil which leaked from the car and gasoline sediment. While insured was under the car in the rear, the floor took fire, and in escaping to the front he was burned so that he died within a few hours. The fire was put out by the fire department and did not burn the frame of the building. *Held*, that the saturated floor was a part of the building, and that the question whether the death was within a clause of the policy providing for double indemnity, if the injuries causing death were sustained "by reason and in consequence of the burning of a building while the insured is therein," was properly submitted to the jury.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Action at law by Mrs. Norris N. Smith against the Ætna Life Insurance Company of Hartford, Conn. Judgment for plaintiff, and defendant brings error. Affirmed.

Frank Dominick and Jelks H. Cabaniss, both of Birmingham, Ala. (Cabaniss, Johnston, Cocke & Cabaniss and Stokely, Scrivner, Dominick & Smith, all of Birmingham, Ala., and Bryan & Middlebrooks, of Atlanta, Ga., on the brief), for plaintiff in error.

Leroy P. Percy, of Birmingham, Ala. (Percy, Benners & Burr, of Birmingham, Ala., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an action on an accident insurance policy, a clause of which provides for the payment of double indemnity "if the injuries causing the loss are sustained by the insured * * * by reason and in consequence of the burning of a building while the insured is therein." The insured, Norris N. Smith, died as the result of burns received in a fire which occurred in his garage. The plaintiff is his widow and beneficiary under the policy. She collected the principal indemnity without prejudice to her right to sue for the double indemnity. The action was defended on the grounds that there was no burning of the building, within the meaning of the policy, and that, even if there was, the death of the insured was not caused thereby. There was a verdict and judgment for the plaintiff. The only question raised by the assignments of error is whether the trial court erred in refusing to direct a verdict for the defendant.

The facts are not in dispute. The insured kept his automobile in a frame garage, which had a dirt floor. The garage was only a foot or two wider than the automobile. The insured did his own repair work on his automobile, and had kept it in the garage for a period of 13 months, during all of which time lubricating oil leaked out of it onto the dirt floor. During the first 10 months of this period, the insured regularly put fresh dirt or clay on the floor, so that each new layer became saturated with oil, grease, and gasoline

sediment. On the day of his death, he began working on his automobile about 1 o'clock in the afternoon, and started out with a 2½-gallon bucket about half full of gasoline, which from time to time he poured into a small can, for the purpose of cleaning various nuts and bolts. As the gasoline became soiled, he threw it out on the floor and poured more out of the bucket into the can. At about 6 o'clock his wife saw him lying with his head under the engine and his feet toward the rear of the garage. She returned to the house, but in a few minutes she heard him scream, and upon returning saw him at the rear of the garage with a mass of flames, as high as his head, and extending about 5 feet along the narrow passageway, between him and the door. He ran through the flames, and fell just outside the garage. He was badly burned, and died within a few hours.

It seems to be agreed that in some way a short circuit ignited the gasoline which the insured was using in cleaning his car, and that the heat generated by the gasoline ignited the lubricating oil, which had seeped into the dirt floor. This floor burned to a depth of 2½ inches within a few minutes, and before it could be put out by the fire department. A few days after the fire, the large bucket was found about 3 feet from the rear end of the garage, and the smaller container was close to the front of the car, where it would be within reach of one working under the engine. No part of the garage except the dirt floor was burned.

It cannot well be denied that the oil-soaked dirt floor was a part of the building, for it served as a floor. Defendant argues that the dirt floor itself could not burn. But the floor was not composed of dirt alone; it was made up of an inseparable mass, consisting of dirt, gasoline sediment, oil, and grease. One of its elements could not be removed without removing the others. That the floor as thus constituted did burn is beyond question. The evidence failed to show that the death of the insured was caused by the explosion of gasoline. It is conjectural how much gasoline was left in the bucket, as the insured had been cleaning parts of his automobile with it for several hours. He was alive after that explosion, and might have continued to live if he could have escaped from the garage without going through the flames that came up from the burning floor. Those flames were of sufficient size and intensity, and covered enough space along the narrow passageway to the door, to be the efficient cause of death.

The conclusion is that it was not error to submit the case to the jury. The judgment is affirmed.