## MESSERVEY v. STANDARD ACC. INS. CO. OF DETROIT, MICH., Inc.

### No. 373.

Circuit Court of Appeals, Second Circuit.
May 2, 1932.

William B. Mahoney, of Buffalo, N. Y., for plaintiff.

Kenefick, Cooke, Mitchell, Bass & Letchworth, of Buffalo, N. Y. (Thomas R. Wheeler, of Buffalo, N. Y., of counsel), for defendant.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

Appellee's husband was the president of Messervey's Industries, Limited, a Canadian corporation, with a factory at Bridgeburg, Ontario. He was insured by the appellant against accident and, under the terms of the policy, his widow is entitled to recover $30,000 in the event that he died as a result of receiving bodily injuries effected "directly, exclusively and independently of all other causes through accidental means, except when intentionally self inflicted while sane or insane, or sustained by the insured while

insane." The policy had a "public convey-ance rider" wherein it was agreed that if death was caused by the burning of a building while the insured was therein, then the principal sum payable under the policy was to be doubled.

On March 20, 1931, at about 5 o'clock in the afternoon, with a foreman of his factory, appellee's husband drove to the express office of the railroad company at Bridgeburg, and there between 5 and 5:30 o'clock interviewed an express company employee, making claim for a shipment of merchandise. He did not have a receipt for the goods with him, stating that it was at the plant. The express office closed at 6:45 and did not open until the following morning. He was seen by his widow, the appellee, at 8 o'clock and that evening at 8:25 attended an ice hockey game. During the second period of the game, he told his companion that he was going to his plant and left the arena about 9:20. Later some men in a hotel near the Messervey plant, while listening to the radio, heard a noise, went outdoors, and saw the factory in flames and the deceased running from the building and about 40 or 50 feet distant therefrom. The deceased was stripped of his clothing from the thighs down and there was an odor of burning rags about him. When taken into the hotel, his face, hands, and legs were severely burned. The building burned to the ground. Some witnesses testified they heard what sounded like an explosion. The deceased went to a hospital in Buffalo, where he died March 24, 1931, as a result of his burns.

The appellant offered no proof to show that the fire was of incendiary origin, and caused by the deceased, or that he lost his life by his own intentional act. The court submitted to the jury the issue of whether he had lost his life in the burning building. The evidence fully warranted the submission of that question to the jury. To be sure the evidence is circumstantial, but it was abundantly shown that the building burned and that the deceased was seen fleeing from the direction of the burning building. He had stated a reason for being there. There was also shown the existence of a gaseous condition in the premises prior to the date of the fire as well as upon the day of the fire. After receiving these severe burns, the deceased drove to the hospital where he died, indicating a desire to save his life. No other conclusion could have been reached than that the deceased died as a result of external and violent injuries and that his death was not due to suicide. Under the circumstances, the presumption prevails, as against suicide, that his death was due to accidental causes. Mutual Life Ins. Co. v. Hatten, 17 F.(2d) 889 (C. C. A. 8); U. S. Fidelity & Guaranty Co. v. Blum, 270 F. 946 (C. C. A. 9); Travelers' Ins. Co. v. McConkey, 127 U. S. 661, 8 S. Ct. 1360, 32 L. Ed. 308.

Counsel for the appellant was permitted to argue to the jury, and the court presented to the jury, the question whether the deceased died as a result of accident or by his own design. The verdict of the jury is conclusive. On the issue of whether his death was due to burning rather than an explosion, it is sufficient to say that no witnesses saw the fire prior to hearing the explosion. But they did see a fire when the noise directed their attention, and the building was then enveloped in flames and apparently had been burning for some minutes; also it must have been sufficiently long for the deceased to have made his way from the burning building. The jury could find on the evidence that the burning of the deceased was contemporaneous with the burning of the building, and since he died of burns received that night, that he died as a result of the fire in the building. The appellee proved by circumstantial evidence that the injuries which caused her husband's death were accidental. U. S. Fidelity & Guaranty Co. v. Blum, supra. There was no conjecture or doubt as to the cause of his death from the burns.

We have examined the errors assigned as to the charge to the jury, and find them without merit. The appellant was not entitled to the charge requested with respect to any intentional setting of fire to the building by the deceased. The record contains no evidence tending to support such a claim. The court sufficiently and correctly instructed the jury on the issue as to whether or not death was caused by an accident and whether the burns occurred from violent, external, and accidental means. O'Boyle v. Northwestern Fire Ins. Co., 49 F.(2d) 713 (C. C. A. 2).

Judgment affirmed.

SWAN, Circuit Judge, dissenting with opinion.

SWAN, Circuit Judge (dissenting in part).

I agree that the plaintiff is entitled to recover $30,000 under the provisions of the policy itself, but I cannot agree that she proved her cause of action for double that

sum under the rider. This required proof that the decedent's injuries were "caused; by the burning of a building while the insured is therein." The testimony indicates that there was an explosion of some sort within the building. All the witnesses heard the explosion before they saw the flames. Whether the explosion caused the fire or whether the burning of the building caused the explosion is pure guesswork, and equally speculative is the answer to the question whether the insured's injuries were solely the result of the explosion or were suffered during his effort to escape from the burning building. If they resulted solely from the explosion, then the plaintiff was not entitled to recover under the rider. So the court below charged, but in my opinion the evidence is too indefinite to support the jury's verdict that they did not so result but were caused by the burning of the building. This seems to me pure speculation. It is just as likely that the explosion caused his burns; indeed, the character of them seems to me rather more consistent with this hypothesis than with the other. A plaintiff has the burden of proof, and when either of two causes is equally probable and under one of them there is no liability, the plaintiff loses. See White v. Lehigh Valley R. R. Co., 220 N. Y. 131, 115 N. E. 439; Md. Casualty Co. v. Edgar, 203 F. 656 (C. C. A. 4); L'Ecuyer v. Indemnity Life & Acc. Co., 97 Kan. 540, 155 P. 1088. I think the judgment should be reversed unless the plaintiff will remit the double indemnity.