PROVIDENT LIFE & ACCIDENT INS. CO.
OF CHATTANOOGA, TENN., et al. v.
BROOKS.

No. 12423.

United States Court of Appeals
Fifth Circuit.

Dec. 7, 1948.

Rehearing Denied Jan. 4, 1949.

J. S. Freels and Joe A. Keith, both of Sherman, Tex., for appellants.

Alexander Gullett and Joe G. Rollins, both of Denison, Tex., for appellee.

Before HOLMES, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

Provident Life & Accident Insurance Company of Chattanooga, Tenn., and Locomotive Engineers Mutual Life & Accident Insurance Association appealed from a verdict and judgment by the district court in favor of Birdie Brooks, plaintiff in a suit to recover under indemnity clauses in two health and accident policies of insurance issued by the above companies to Walter B. Brooks, deceased, and made payable to his widow, the plaintiff-appellee.

Section V of the policy written by the Provident Life provides for double indemnity in certain instances, including loss of life, "if such injury causing the loss shall be sustained by the insured * * * (3) by the burning of a completed building, provided the insured is therein at the commencement of the fire. * * *"

In Part III of the Locomotive Engineers Mutual policy, this language appears:

"Indemnity payable under Part I of this policy for a loss of life * * * shall be doubled if the injury causing the loss occurs (1) in consequence of the burning of a building while the insured is therein or escaping therefrom, provided he is therein at the commencement of the fire. * * *"

Walter B. Brooks, whose death caused the above policies to mature, was a railroad locomotive engineer. He lived with his wife in Denison, Texas. To the rear of their dwelling, the Brookses had a garage apartment, which Mr. Brooks was in the habit of using, in order not to disturb the household, when he returned from work at a late hour. On the day of his death, Brooks arrived home at 2:00 in the morning and slept in the garage apartment. Some time between 8:00 and 8:30 that morning, Brooks awakened, and according to his own statements made shortly before death, he smelled gas and upon investigation discovered a rubber hose, supplying gas to a heater in the room, had become unfastened. He replaced the hose and opened the door; then he went back toward the heater, and striking a match to light it, he set off a gas explosion. According to other testimony, the explosion was of earth-shaking proportions and caused the walls of the apartment to bulge to a noticeable degree. Within a minute or so after the explosion, Brooks was led from the apartment by a passer-by and shortly thereafter was hospitalized. He died from burns over his entire body.

The walls and ceiling of the apartment were of sheetrock, and the floor concrete. The only wood in the construction was trim, such as window frames, baseboard,

and door. These wooden parts were afterwards found to be singed and burned to some extent, although not consumed. Some of the furnishings in the apartment were wholly destroyed by the flames; some, only partially destroyed.

In her complaints, Birdie Brooks alleged that her husband died as the result of burns which he received by the burning of a completed building. Under the wording of the double indemnity clause in both contracts, it was, of course, necessary for her not only to allege but also to establish this as fact. However, we find nothing in the record to evince that necessary proof. The building was substantially fireproof, and, while the apartment was seared by flame, only its contents and wood trimmings burned at all. Further, Brooks was removed from the apartment almost immediately after the explosion, and he was then fatally burned. The fire had been sudden and fierce, such a fire as would be caused by gas combustion rather than by a kindled flame.

In Maryland Casualty Co. v. Edgar, 4 Cir., 203 F. 656, a case involving double indemnity under a policy somewhat similar to the one before us, the deceased struck a match in a cellar flooded with water and gasoline; when the match burned out, he dropped the still-glowing stick, and as it reached the water, there was an explosion. Within a minute or so thereafter, the insured left the building. Reversing the lower court in that case, the Circuit Court of Appeals for the Fourth Circuit said:

"We are unable to perceive that Edgar sustained the injury of which he died in consequence of the burning of a building. Continued study of the language of the witnesses but strengthens the conviction that he was burned by the explosion of the gasoline and before the building commenced burning. Undoubtedly there was in a somewhat technical sense a burning of the building; but this was started by the same flame which burned Edgar, and was, at the time he was injured, either not yet started or was entirely too slight to have caused his injury. The language of the policy is entirely unambiguous. By its terms the burning of a building must have had a causal connection with the injury. There clearly was no such connection here. * * *" 203 F. at pages 658, 659.

In Farley v. Aetna Life Ins. Co., 200 Mo. App. 460, 207 S.W. 281, the insured was working with a fellow-employee near a telephone switchboard. There was a short circuit and flash from the switchboard, causing the insured's clothing to burn and resulting in fatal burns about his body. The insurance policy there, as here, provided that double indemnity would be paid where injury was caused in consequence of the burning of a building. While the court found that the switchboard was a part of the building, nevertheless, it refused to allow recovery under the double indemnity provision for the reason that the flash which ignited the deceased's clothing was the same flash which caused the fire to the switchboard. In other words, his clothing was not ignited by the burning of the switchboard, but rather, and simultaneously, by the agency which caused the switchboard to burn.

Cases relied upon by the appellee may be distinguished.* Though there may appear to be similarity in fact situations, the primary question in each differs from that before us.

In the present case, at the close of the

---

*In Messervey v. Standard Accident Ins. Co. of Detroit, Mich., Inc., 2 Cir., 58 F.2d 186, the jury had to decide whether the insured lost his life from burns received in the burning building, when he had been found some distance away from the building but suffering from burns. In Aetna Life Ins. Co. of Hartford, Conn., v. Smith, 5 Cir., 19 F.2d 140, the insured was burned by flames arising from the oil-soaked earth floor. It was found that the floor was a part of the building. In Roberts v.

Commercial Cas. Ins. Co., 6 Cir., 168 F. 2d 23, the question was whether there had to be complete disintegration of the building before recovery could be had. In Aetna Life Ins. Co. v. Aird, 5 Cir., 108 F.2d 136, decided by this court, the question was whether the deceased died from burns received from the burning of the building or from a gasoline explosion. After carefully examining the record we held that the evidence, as it stood, clearly made a jury issue.

evidence, both sides moved for an instructed verdict. Both motions were overruled, and the case was left with the jury. Appellants claim that, in its refusal to direct a verdict for defendants and in certain parts of the charge as given, the trial court committed error. The substance of appellants' motion was stated by their attorney to be:

" * * * there is no showing here that the death of the Plaintiff's husband was caused by or was in consequence of the burning of the building. The proof, we think, shows that probably, the Plaintiff's husband met his death as the result of an explosion, or possibly as the result of the burning of the contents of the building, or perhaps as a result of both of these things."

The insurance contracts require the injury to have been caused by the burning of a completed building in the one instance and in consequence of the burning of a building in the other. The plaintiff completely failed to show that the burns were from the burning of the building rather than from the burning of its contents or from the explosion. Maryland Casualty Co. v. Edgar, supra. For that reason, we think the motion should have been sustained.

Accordingly, the judgment appealed from is reversed, and the cause is remanded for a new trial.

Reversed and remanded.