GLEISNER, Executrix, Appellant, v. UNITED STATES FIDEL-
ITY & GUARANTY COMPANY, Respondent.*

*September 2—September 29, 1964.*

\* Motion for rehearing denied, with costs, on November 24, 1964.

For the appellant there were briefs by *William R. Schnepp,* attorney, and *H. F. Sonnenberg* of counsel, both of Milwaukee, and oral argument by *Mr. Sonnenberg.*

For the respondent there was a brief by *Kluwin, Dunphy, Hankin & Hayes* of Milwaukee, and oral argument by *Gerald T. Hayes*.

HALLOWS, J.   The policy in question is a restricted and limited accident policy in its double-indemnity feature for injuries resulting in death.  It provides the principal benefits shall be double if "such injuries are sustained by the insured: . . . (3) by collapse of the outer walls or the burning of a building if the insured is therein at the time of the collapse or commencement of the fire."

The facts are few and simple.  For several days prior to and on the morning of September 15, 1961, the deceased and her husband occupied one unit of a two-unit motel cabin at the Woodland Motel in Door county, Wisconsin. About 10 a. m. the owner of the motel, who was the only witness called at the trial, was in the main lodge washing dishes when he heard an explosion or blast and saw debris flying through the air.  He saw no smoke.  He immediately ran to the cabin occupied by the deceased some 200 feet away.  As he reached the cabin and was opening the screen door the deceased opened the door of the cabin.  She was naked, denuded of hair, burned, and orange in color.  The owner helped the deceased to a nearby tree and dashed back to the cabin to ascertain the whereabouts of the husband.

Upon looking into the cabin he observed the back wall was completely blown out and the husband was out on the grass.  The cabin was about 14 by 16 feet and the floor was covered with wall-to-wall carpeting.  There was a fire around the double bed in the carpeting and in the bed clothes which were on the floor to one side of the bed.  The top of the bed was not burning.  After giving first aid to the deceased and her husband and calling the fire department, he attempted unsuccessfully to extinguish the fire in the cabin which was eventually totally destroyed.

The trial court was of the view there was no credible evidence from which it could be inferred the fatal injuries were caused by the burning of a building. The defendant and the trial court considered the carpeting was not a part of the building, while the plaintiff so considered it. Assuming wall-to-wall carpeting is a part of the building and not the contents within the meaning of the policy, the problem, as in most cases of this type, is one of causation and the sufficiency of proof. The language of the policy requires the injuries be caused by the burning of a building. Burning by an explosion or by fire of the contents is not enough. While the burning of a building need not be the sole or the exclusive causative agent or the cause of the injuries, the burning of the building must be the proximate cause or, as this court has explained such term, a substantial factor causing or a cause of the injury. A slight burn from an admitted burning building, while being an injury in its own right, might not be sufficient to be a substantial factor or a cause of death.

It has generally been considered that the fire meant by the policy is one which in the course of burning a building or a part thereof is communicated to the insured and thereby injures him. Many courts have construed similar or identical language in accident policies. This problem is the subject of an annotation entitled, "Effect of provision for coverage or double indemnity in case of injury or death in consequence of burning of building," 55 A. L. R. (2d) 398.

The appellant claims the language of the policy is ambiguous on causation and therefore it may be disregarded. We do not find it so nor have other courts. See: *Pacific Mut. Life Ins. Co. v. Walt* (1955), 198 Tenn. 59, 277 S. W. (2d) 434, 55 A. L. R. (2d) 392; *Houlihan v. Preferred Accident Ins. Co.* (1909), 196 N. Y. 337, 89 N. E. 927, 25 L. R. A. (N. S.) 1261. The appellant's difficulty comes from seizing various phrases in the policy out of their con-

text and grouping them into a sentence which as such does not appear in the policy. Nor can we agree with the appellant that this policy provides coverage for accidental injuries from any fire while in a building. Proof of the burning of a building whether contemporaneous with or subsequent to the injuries of the plaintiff is not sufficient to ground recovery without some evidence from which a reasonable inference can be drawn that the injuries were caused in whole or in part by the burning of the building. 10 Couch, Insurance (2d ed.), p. 202, sec. 41:179.

Injuries caused solely by flash fires or explosions are not covered by the burning-building clause of the policy. However, if an explosion caused the burning of the building and the effect of the explosion on the insured is not instantaneous and the injuries received by the insured are proximately caused in whole or in part by the subsequent burning of the building, recovery has been allowed under the policy. *Aetna Life Ins. Co. v. Smith* (5th Cir. 1927), 19 Fed. (2d) 140; *Aetna Life Ins. Co. v. Aird* (5th Cir. 1939), 108 Fed. (2d) 136. But one injured by an explosion which currently or thereafter starts a fire in the building is not covered under such policies when the concurrent or subsequent fire is not a cause of the injury. *Maryland Casualty Co. v. Edgar* (4th Cir. 1913), 203 Fed. 656; *Bobco v. Metropolitan Life Ins. Co.* (1962), 367 Mich. 645, 116 N. W. (2d) 871; *Farley v. Aetna Life Ins. Co.* (1918), 200 Mo. App. 460, 207 S. W. 281; *Provident Life & Accident Ins. Co. v. Brooks* (5th Cir. 1948), 170 Fed. (2d) 909; *L'Ecuyer v. Indemnity Life & Accident Co.* (1916), 97 Kan. 540, 155 Pac. 1088; *Kreiss v. Aetna Life Ins. Co.* (1920), 229 N. Y. 54, 127 N. E. 481.

In *Maryland Casualty Co. v. Edgar, supra,* fatal injuries were received by the insured in attempting to ascertain the condition of a darkened basement which had been flooded. Gasoline had spread over the surface of the water and the

explosion occurred when the insured lighted and threw down a match. There was testimony death was caused by inhaling fumes of gasoline. In *Bobco* the deceased was painting the inside of a tank and was injured by an explosion of the paint fumes. In *Farley* an electric flash was caused by a short circuit in a switchboard on which the decedent was working. Although the switchboard, considered a part of the building for the purpose of the decision, was scorched, the court held the injuries were proximately caused by the flash, not from the burning of the building. In the *Kreiss Case* the insured had cleaned gloves in gasoline and was drying them over a fire. An explosion resulted and the insured's clothes caught afire as well as the rest of the room. The court held no cause or connection had been proved in matters of time, proximity, or sequence between the fire and the injury.

In the *L'Ecuyer Case* an explosion occurred while the insured was filling a gasoline can from a pump. The insured was seen running from the building with his clothes aflame and at the same time part of the building in which the gasoline tank was located burst into flames. It was considered that since the burning of the building did not precede the explosion, the explosion was the cause of the accident. In the *Provident Case* an explosion occurred in a gas heater when the insured lit a match and within a minute or two the insured was led from the apartment with his body covered with burns. Although there was evidence the contents and some of the window frames were burned, it was held the evidence was insufficient to permit a conclusion that death resulted from the burning of the building.

In some cases allowing recovery the question of proximate cause was not discussed or the court thought the evidence was sufficient to sustain an inference of causation. See *Hiatt v. Travelers Ins. Co.* (1924), 197 Iowa 153, 197

N. W. 3; *Messervey v. Standard Accident Ins. Co.* (2d Cir. 1932), 58 Fed. (2d) 186; *Wilkinson v. Aetna Life Ins. Co.* (1909), 240 Ill. 205, 88 N. E. 550; *White v. Washington National Ins. Co.* (1938), 133 Neb. 805, 277 N. W. 69. There are many other cases on the problem but the foregoing citations are sufficient for the purposes of this decision.

In the instant case there is no evidence of a fire to the building preceding the explosion. The only witness testifying stated there was no smoke at the time of the explosion. We must take the facts then to be that the fire was caused by the explosion. The only fire testified to was in the carpeting around the bed and the bed coverings on the floor. We believe it is contrary to human experience for a person to be denuded of hair, to be burned over 80 percent of her body and to be discolored orange by a fire in the carpeting around the bed in the time it takes a man to run some 200 feet when that fire is preceded by a severe explosion. The only witness stated he did not know how the deceased was burned, only that she was burned. The preponderance of the evidence and the most probable inference from the evidence are that the deceased was burned by the explosion. This is not determinative, however, if the jury could reasonably draw an inference the deceased was sufficiently burned by the fire which burned the cabin so that such a fire was a cause of her death. We think the jury could infer such a causation only as a possibility, not as a probability.

The trial court allowed interest only from the date of the order for judgment. The plaintiff claims she is entitled to interest from the date of death. However, the policy provides that payment of claims is made upon proof of loss which must be made within ninety days from the date of the loss. The defendant also asserts no demand for payment of the principal amount separate from the double-indemnity

amount was ever made. There is no pleading or proof in the record that any proof of loss or demand for payment was made by the plaintiff prior to the commencement of this suit. Likewise the amended pleadings do not show the defendant relied on lack of proof of loss as a defense. Under these circumstances the commencement of the suit is the equivalent of a demand and the requirement of a proof of loss is waived.

The principal amount of indemnity was liquidated and not in dispute. The defendant if it wished to save itself the payment of interest might have tendered payment of the principal and kept the tender good. The interest should run from the date of the commencement of the suit.

*By the Court.*—The judgment is modified to allow interest from the commencement of the action and, as so modified, affirmed. The defendant is to recover costs.